| | |
|---|---|
| TRACIE IMBLUM, an individual,<br><br>                                     Plaintiff,<br><br>v.<br><br>THE CODE CORPORATION, d.b.a. CODE CORPORATION, an unknown business entity; GEORGE E. POWELL, an individual; and DOES 1 through 25, inclusive,<br><br>                                     Defendants. | Case No.: 3:16-cv-02110-CAB-(AGS)<br><br>**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM AND PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br>**[Doc. Nos. 26, 32]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

This matter comes before the Court on Defendant Powell's motion for leave to file counterclaim [Doc. No. 26] and on Plaintiff's motion for leave to file a first amended complaint [Doc. No. 32]. The Court finds the motions suitable for determination on the papers submitted and without oral arguments in accordance with Civil Local Rule 7.1(d)(1). For the reasons discussed below, both motions are granted.

**I.    Background**

On July 18, 2016, Plaintiff brought suit in the Superior Court of the State of California against Defendants alleging seven causes of action stemming from the sexual harassment she experienced while employed at The Code Corporation ("Code"). On

August 19, 2016, Defendants removed the action to this Court [Doc. No. 1] and filed an answer to the complaint [Doc. No. 2].

On April 5, 2017, Magistrate Judge Schopler issued a scheduling order that set a deadline for filing amended pleadings by June 7, 2017. [Doc. No. 22 at ¶ 2.[1]]

On May 18, 2017, Defendant George Powell ("Powell") moved for an order granting leave to file his counterclaim pursuant to Federal Rule of Civil Procedure 15(a). [Doc. No. 26.] On June 8, 2017, Plaintiff filed her opposition to Powell's motion for leave to file a compulsory counterclaim asserting multiple reasons why leave should not be granted. [Doc. No. 35.] On June 15, 2017, Powell filed his reply. [Doc. No. 39.]

On June 6, 2017, one day before the amending the pleadings deadline, Plaintiff filed a motion to amend the complaint to add a new claim against Code for violation of California Penal Code § 632. [Doc. No. 32.] On June 27, 2017, Defendants Code and Powell filed their response in opposition to the motion for leave to amend, asserting amendment would be futile. [Doc. No. 42.] On July 3, 2017, Plaintiff filed her reply. [Doc. No. 43.]

**II.     Discussion**

Both parties seek leave to file their pleadings pursuant to Federal Rule of Civil Procedure 15. Rule 15(a)(2) provides that after a responsive pleading has been filed but before trial "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, courts consider the same factors when examining motions for leave to file omitted counterclaims and motions to amend the complaint courts consider the same factors. *See* 6 Wright *et al.,* Federal Practice and Procedure § 1430 (3d ed. 2012) (the 2009 amendments to Rule 13 governing counterclaims clarified "that the decision

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

whether to allow an amendment to add an omitted counterclaim is governed exclusively by Rule 15.").[2]

There are four factors commonly used to determine the propriety of a motion for leave to amend namely: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy,* 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. U.S.,* 481 F.2d 1187, 1190 (9th Cir. 1973). These factors, however, are not of equal weight, with delay alone being an insufficient ground for denial of leave to amend. *U.S. v. Webb,* 655 F.2d 977 (9th Cir. 1981). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC,* 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999)).

The presence of the first factor, bad faith, is illustrated when the moving party seeks to amend "to prolong the litigation by adding new but baseless legal theories." *Griggs,* 170 F.3d at 881. Amendments that are frivolous in nature or filed for an improper purpose also fall into this category. *See Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks,* 915 F.2d 1301, 1305 (9th Cir. 1987). Similarly, claims that are brought simply to harass the opposing party are also considered as being brought in bad faith. *Juras v. Aman Collection Serv., Inc.,* 829 F.2d 739, 740 (9th Cir. 1987).

The undue delay factor is "delay that prejudices the nonmoving party or imposes unwarranted burdens upon the court." *San Diego Comic Convention v. Dan Farr Prods.,* Case No. 14-cv-1865 AJB (JMA), 2017 WL 3269202, at *5 (S.D. Cal. Aug. 1, 2017). Relevant to this inquiry is whether the new claim would "greatly alter[] the nature of the

---

[2] *See, e.g., Bigda v. Fischback Corp.*, 849 F. Supp. 895, 906 (S.D.N.Y 1994) ("When considering a motion to add a counterclaim, a court should consider whether 1) the counterclaim is compulsory, 2) the pleader was acting in good faith and has not unduly delayed filing the counterclaim, 3) undue prejudice would result to the plaintiff and 4) the counterclaim raises meritorious claims." (citing *Nw. Nat. Ins. Co. v. Alberts,* 717 F. Supp. 148, 153 (S.D.N.Y. 1989)).

litigation." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *Jordan v. Cnty. of L.A.,* 669 F.2d 1311, 1324 (9th Cir. 1982) *vacated on other grounds*, *Cnty. of L.A. v. Jordan*, 459 U.S. 810 (1982). A moving party's failure "to justify the delay in seeking leave to amend the complaint to assert an entirely new theory of liability which was inconsistent with the original complaint" can provide grounds for denial. *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988).

Within the Ninth Circuit, it is the third factor, "the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). A district court "may deny a motion for leave to amend if permitting an amendment would, among other things, . . . prejudice the opposing party." *Zikovic v. S. Cal. Edision Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). In evaluating prejudice courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of amendment, the extent to which additional discovery would have to be conducted, and the degree to which amendment may delay the proceedings. *See Johnson v. Serenity Transp., Inc.,* Case No. 14-cv-02004-JSC, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) (collecting cases). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Finally, leave to amend need not be granted when the proposed amendment is futile. *See Universal Mortg. Co. v. Prudential Ins. Co.,* 799 F.2d 458, 459 (9th Cir. 1986). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 fn. 12 (9th Cir. 2012) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998), *aff'd on reh'g en banc on other*

*grounds*, 681 F.3d 1041 (9th Cir. 2012)). "[T]he 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Id.* (quoting *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988)). Thus, an amended "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Futile amendments to a complaint should not be permitted. *DCD Programs,* 833 F.2d at 188 (citations omitted.). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**A. Leave to File Compulsory Counterclaim**

Powell seeks leave to file a compulsory counterclaim for civil penalties under California Penal Code § 632 against Plaintiff. Powell states that on July 15, 2016, Code received an email from an anonymous source that attached recordings of two phone conversations between himself and Plaintiff. [Doc. No. 26-1 at 2.] The phone calls in question were purportedly recorded in California without Powell's knowledge or consent. [*Id.*] After attending the Early Neutral Evaluation Conference on April 4, 2017, Powell asserts that he formed a good faith belief that Plaintiff is the proper defendant in his California Penal Code suit. [Doc. No. 39 at 2.] Neither party disputes that Powell's claim is a compulsory counterclaim per Federal Rule of Civil Procedure 13(a).

Plaintiff opposes the motion on the grounds that (1) Defendant has inexcusably delayed seeking leave to file the proposed counterclaim; (2) she will suffer prejudice should Defendant's motion be granted; (3) the motion to amend is being brought in bad faith; and (4) the counterclaim is futile because the claim is time-barred. [Doc. No. 35.]

For the reasons detailed below, the Court finds no indication that Defendant was acting in bad faith or undue delay and that Plaintiff has failed to show a strong enough showing of prejudice or futility necessary to overcome the presumption in favor of granting leave to amend. *See Eminence Capital,* 316 F.3d at 1052.

*Undue Delay*

Plaintiff argues that Defendant has inexcusably delayed seeking leave to file the proposed counterclaim. Plaintiff assert that since Defendant's counterclaim arises out of the same transaction or occurrence at issue in Plaintiff's claim it should have been filed when Defendants answered. Further, Plaintiff posits that Powell has provided no justification for failing to timely file his counterclaim.

The parties do not dispute that Defendant was aware of two recordings as of July 15, 2016. Defendant filed his answer on August 19, 2016. [Doc. No. 2.] Powell maintains that he did not know who recorded the calls until the ENE Conference on April 4, 2017. [Doc. No. 39 at 4-5.] After unsuccessfully attempting to gain Plaintiff's agreement to stipulate to the filing of the counterclaim, Powell filed his motion on May 5, 2017. The deadline for filing amended pleadings was set as June 7, 2017. Upon consideration of these circumstances the Court finds the Powell has provided sufficient justification for the delay. As a consequence, the Court does not find this factor weighs against granting the leave to file the counterclaim. *See also Howey.* 481 F.2d at 1190-91 (delay alone is not sufficient to justify the denial of a motion requesting leave to amend).

*Undue Prejudice*

Plaintiff asserts that she will suffer prejudice if Powell's motion is granted because significant discovery has already taken place. In support, she points to the Court's scheduling order governing the number of requests for production of documents and the fact that both she and Powell have been deposed.

But, the Court concludes that Plaintiff has not adequately established that granting leave to add the counterclaim at this stage of discovery and deposition taking would require her to compromise important aspects of her defense strategy. The addition of Defendant's counterclaim does not drastically change the scope of this litigation, especially in light of the fact that the Court is granting Plaintiff leave to add a California Penal Code § 632 claim, and is related to the claims being brought by Plaintiff. *See Sierra Club v. Penfold,* 857 F.2d 1307, 1315 (9th Cir. 1988) ("[O]nce the defendant is in court on a claim arising out

of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added."). Fact discovery in this case is still on going, and although the parties dispute how many requests for production of documents remain at Plaintiff's disposal, the Court does think the amendment will require extensive further discovery. To the extent the parties think the addition of the new counterclaim necessitates modifying the existing scheduling order or warrants deposing Plaintiff and Defendant Powell for a second time, they may make the appropriate motion to Magistrate Judge Schopler.

*Bad Faith*

Plaintiff posits that because Defendant's proposed counterclaim is based on discussions that occurred at the off the record, privileged and confidential ENE conference his counterclaim is improper, dishonest and demonstrates bad faith. Powell counters that that he has not divulged any substantive information learned at the ENE and that his counterclaim is not based on the discussions there. Powell states that his counterclaim is the result of inferring Plaintiff's involvement in the recorded phone calls from the fact that she asserted her Fifth Amendment right when asked about the record phone calls.

In light of the parties' opposing assertions, the Court finds that it has not been clearly established that Defendant is acting in bad faith by seeking to add his counterclaim. Therefore, there is no cause to deny the leave to amend on this basis.

*Futility of Amendment*

Plaintiff's final argument in opposition is that amendment would be futile as the one year statute of limitations applicable to an action for invasion of privacy has expired. Plaintiff argues that the two telephone recordings at the subject of the claim were made on April 12, 2016, and that by waiting until May 18, 2017 to file a counterclaim, over one year had elapsed since the alleged recordings. Further, Plaintiff argues that Powell's failure to discover the identity of the person who made the recordings will not postpone the accrual of his claim. It is also Plaintiff's belief that Powell suspected he was being recorded at the time of the actual conversation. In response Powell makes two counters arguments: the discovery rule is applicable; and the July 15, 2016 date is the proper date on which the

7

3:16-cv-02110-CAB-(AGS)

statute of limitations should begin to run as that is the date when audio files of the conversations between Powell and Plaintiff were emailed to Code and he discovered the conversations had been recorded without his consent.

"The general rule for defining the accrual of a cause of action sets the date as the time when, under the substantive law, the wrongful act is done, or the wrongful results occurs, and the consequent liability arises." *Norgart v. Upjohn Co.,* 21 Cal. 4th 383, 397 (1999) (internal quotation marks and citation omitted). An exception to this general rule "postpones accrual of a cause of action until the Plaintiff discovers, or has reason to discover, the cause of action." *Id.* Here, the date on which Powell suspected and/or knew that Plaintiff had recorded their conversation is in dispute.

Based on the limited briefing before it, the Court is unable to ascertain on which of the proposed dates the one-year statute of limitations began to run. Thus, the Court declines to find as a matter of law that amendment would be futile. *See Nordyke*, 644 F.3d at 788 fn. 12 (amendment is "futile if it would be immediately subject to dismissal."). Plaintiff may make her statute of limitations challenge via a motion to dismiss or at the summary judgment stage.

**B. Leave to File First Amended Complaint**

Plaintiff asserts that good cause exists to allow amendment to add a claim for violation of California Penal Code § 632 because "the impetus behind the proposed additional claim is information uncovered during the discovery process that was unknown to Plaintiff beforehand." [Doc. No. 32-1 at 3.] In May 2017, Defendants produced two verbatim transcripts of telephone calls between Plaintiff and Ms. Saxey, Code's Human Resources Manager, which had occurred in May 2016. [*Id.* at 2.] Plaintiff was located in California during both calls and explicitly did not consent to the recording of the calls. [*Id.*]

In their opposition Defendants only address one of the factors used by the courts to determine if leave to amend should be granted, that being the futility of the amendment. Defendants make no argument that they would be prejudiced if Plaintiff is allowed to

8

amend the complaint, that amendment would cause an undue delay or that Plaintiff is acting in bad faith.

For the reasons detailed below, the Court holds that allowing Plaintiff to file an amended complaint would not prejudice Defendants and that Defendants have not made a "strong showing" of futility necessary to overcome the presumption in favor of granting leave to amend. *See Eminence Capital* 316 F.3d at 1052 (9th Cir. 2003).

*Futility of Amendment*

Here, the amended complaint seeks to add allegations regarding the two "recorded" telephone conversations that occurred between Plaintiff and Ms. Saxey regarding Powell's sexual harassment of Plaintiff.

Defendants' sole contention in their opposition to the leave to amend is that adding the California Penal Code § 632 claim is futile. Defendants claim that Plaintiff's proposed First Amended Complaint alleges no facts which support a conclusion that Ms. Saxey electronically recorded the May phone calls. Further, Defendants contend that Mr. Tobin, their counsel, put Plaintiff on notice that the two calls in question were not electronically recorded when he specifically informed Plaintiff's counsel that they were not recorded and by disavowing that the documents recently produced to Plaintiff were transcripts of the two conversations, asserting instead that they were simply notes made by Ms. Saxey.

At this stage of the litigation, the Court is reluctant to hold as a matter of law that amendment is futile. Defendants can challenge the sufficiency of the California Penal Code § 632 either via a motion to dismiss or at the summary judgment stage. Accordingly, the Court cannot conclude that amendment of Plaintiff's complaint would be clearly futile.

*Undue Prejudice*

The Court finds no evidence that Defendants would be unduly prejudiced by the addition of the additional claim because it will neither "greatly alter[] the nature of the litigation [nor] require[] defendants to . . . undertake[], at a late hour, an entirely new course of defense." *Morongo,* 893 F.2d at 1079. Plaintiff's amendment relates to the same set of facts that were at issue in the original complaint, will therefore not require voluminous

discovery and will have little impact on the length of the judicial proceedings since no trial date had been set and motion practice is still ongoing.

The fact that Defendants' opposition is silent regarding what, if any prejudice they would suffer by the addition of another claim supports the conclusion that there is no prejudice. Therefore, this factor weighs in favor of granting leave to amend.

*Undue Delay*

Plaintiff filed the leave to amend one day before the deadline set by the Court expired. Considering the circumstances surrounding the amendment and the timeliness of Plaintiff's motion, the Court does not find this factor weighs against granting the leave to amend. *See Howey.* 481 F.2d at 1190-91 (delay alone is not sufficient to justify the denial of a motion requesting leave to amend).

*Bad Faith*

There is nothing in the record to suggest that the leave to amend is being sought in bad faith, therefore there is no cause to deny the leave to amend on this basis.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** Defendant Powell's motion for leave to file a compulsory counterclaim [Doc. No. 26]. It shall be Defendant Powell's responsibility to file the Counterclaim with the Court. Further, the Court **GRANTS** Plaintiff's motion for leave to file a first amended complaint [Doc. No. 32]. It shall be Plaintiff's responsibility to file the First Amended Complaint with the Court.

The parties shall respond to the amended pleadings within the limits established by the Federal Rules of Civil Procedure.

It is **SO ORDERED**.

Dated: August 21, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge